MARY KENNEDY, Respondent, *v.* SUPREME COUNCIL CATHOLIC BENEVOLENT LEGION, Appellant.

First Department, July 3, 1919.

Insurance — mutual benefit insurance — increase in rates to establish reserve fund — right of all policyholders to benefit of such reserve — discriminatory rates — right to appropriate money due older members to pay junior members in full — reissue of benefit certificate with change of beneficiary as new contract — waiver by company of charge against policy by issuance of new policy.

In so far as an increase in assessments made by a mutual benefit insurance company is devoted to the establishment of a reserve fund, it entitles the beneficiaries of all who contributed thereto to resort to that fund for the payment of their death claims.

A mutual benefit insurance company cannot require the members who joined prior to a stated date to contribute to a reserve fund solely for the benefit of those who should subsequently join the order.

An insurance company or association may make discriminatory rates based on classification of age, physical condition, occupation, or other con-

siderations that directly affect the risk assumed; such discriminations must, however, apply equally to all in the class.

After a contract of insurance is made the company or association cannot appropriate a portion of the amount that it had agreed to pay to members who had joined prior to a certain date, in order to enable it to pay in full claims arising from the death of those who joined and died subsequent thereto.

Where a certificate in a mutual benefit insurance association is returned for the purpose of having the beneficiary changed, and the new certificate issued bears the date of the original certificate with the annotation, "Reissued, beneficiary changed March 25, 1915," a new contract is not made, but there is a continuation of the original agreement with a change of beneficiary.

A mutual benefit association by accepting the return of an old certificate against which there is a charge for a reserve fund, and issuing a new certificate against which there is no claim for a reserve without demanding a payment of the charge, will be deemed to have waived its right to require the payment of such charge.

APPEAL by the defendant, Supreme Council Catholic Benevolent Legion, from a determination and order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of January, 1919, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District.

An appeal is also taken from the Municipal Court judgment.

*Edward J. Connolly*, for the appellant.

*Joseph K. Ellenbogen*, for the respondent.

PAGE, J.:

The facts in this case are in many respects similar to those considered by us in the case of *Schwemmer* v. *Supreme Council C. B. L.* (187 App. Div. 673), and the questions of law raised, with one exception, being identical, an extended statement of fact or discussion of the law at this time is unnecessary. In the present case the certificate had not been surrendered, nor had the reduced amount tendered by the defendant been accepted by the plaintiff, as was the fact in the *Schwemmer* case, which led to a reversal of the judgment. The certificate of insurance in the present case was issued by the defendant on December 6, 1893, to Michael Dooley, a member of one of its

subordinate councils, naming his wife as beneficiary. On March 25, 1915, his wife having died, he changed the beneficiary, substituting his daughter, and the certificate was reissued. It is conceded that Dooley continued to be and was at the time of his death a member in good standing, having paid all his dues and assessments up to the time of his death, which occurred on November 15, 1917. The defendant concedes its liability under the certificate, but claims, by virtue of the proceedings fully stated in the *Schwemmer Case (supra)*, that it is only required to pay the sum of $554.37, which it tendered to the plaintiff, upon the ground that Dooley had not maintained a credit equal to the reserve fund requirements of the order, and that the same with interest at four per cent compounded annually was a lien on the certificate. (See *Schwemmer Case, supra.*) Although the authorization for the creation of this reserve fund became effective in 1904, a re-rating of members was made at that time and all who had joined the order prior thereto, as well as those who joined afterward, were required to pay the increased rate. No attempt was made to put the reserve fund order into effect until February 1, 1917. The defendant paid the certificates in full to the beneficiaries of members dying between the period from September 1, 1904, and February 1, 1917, irrespective of the time of the inception of their membership. On and after February 1, 1917, the defendant enforced the provision in regard to the reserve fund by deducting the amount thereof from the amounts payable on certificates of those becoming members prior to September 1, 1904, but continued to pay in full the certificates of those who had become members subsequent to such date, although in each class the same rate of assessment was paid. Therefore in so far as the increase in the assessment was devoted to the establishment of a reserve fund, it entitled the beneficiaries of all that contributed thereto to resort to that fund for the payment of their death claims. The defendant could not require the members who joined prior to 1904 to contribute to a fund solely for the benefit of those who should subsequently join the order. An insurance company or association may make discriminatory rates based on classification of age, physical condition, occupation, or other considerations that directly

affect the risk assumed. Such discrimination must, however, apply equally to all in the class. After the contract is made, it cannot appropriate a portion of the amount that it had agreed to pay to members who had joined prior to a certain date, in order to enable it to pay in full claims arising from the death of those who died subsequent thereto. It is doubtful, as Mr. Justice LAUGHLIN stated in the opinion in the *Schwemmer Case (supra)*, whether the defendant had the power, under the decisions in this State, to change the contract by increasing the rates. Such objection, however, was waived by Dooley's acquiescence therein by paying the increased rates. If the contract could not be changed in regard to the rate, much less could it be changed by reducing the amount which the defendant agreed to pay. (*Beach* v. *Supreme Tent K. of M.*, 177 N. Y. 100, 105; *Green* v. *Royal Arcanum*, 206 id. 591.) Although the judgment in the last-mentioned case was reversed by the United States Supreme Court (237 U. S. 531), the reversal was upon the ground that the Royal Arcanum was a Massachusetts corporation, and the law applicable was, therefore, the law of that State, and not that of the State of New York, which the Court of Appeals applied. That reversal does not affect the force or effect of that decision when applied, as in the instant case, to a New York corporation.

The defendant claims that when the beneficiary was changed the certificate constituted a new contract of that date, and hence, by accepting that certificate, Dooley agreed to the change that had been theretofore made in the constitution, and that the plaintiff is estopped from raising any question as to the power of the defendant to make such change. That this was not a new contract is demonstrated by the fact that the new certificate bears the date of the original certificate with an annotation, " Reissued March 25, 1915, change of beneficiary." Thus showing by the practical construction of the parties that it was deemed to be the original agreement with simply a change of beneficiary. If, however, we accept the defendant's contention that this was a new contract, then the beneficiary would be entitled to recover the full amount, it being conceded that all other certificates which were issued on that date and matured at or prior to the time of this claim were paid in full. Instead, therefore, of the presumption

being that Dooley acquiesced in the establishment of a lien against his certificate for the amount of the reserve, it would appear that the defendant would be deemed to have waived its claim by accepting the surrender of the old certificate without requiring payment of the amount claimed to be chargeable against it, and issuing a new certificate against which there was no claim for a reserve. We, therefore, hold, upon the facts appearing in this record, that the defendant had no power to deduct the amount claimed as a portion of the reserve fund, and that the judgment for the full amount was properly rendered.

The determination of the Appellate Term is affirmed, with costs to the respondent.

CLARKE, P. J., SMITH and PHILBIN, JJ., concurred.

Determination affirmed, with costs.